<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARTIN GOINS,<br><br>        Petitioner,<br><br>v.<br><br>CHARLES E. WARREN, JR, et al.,<br><br>        Respondents. | Civil Action No. 13-4057 (DRD)<br><br><br>**OPINION** |

**APPEARANCES**:

>   MARTIN GOINS, #116907B
>   New Jersey State Prison
>   P.O. Box 861
>   Trenton, New Jersey 08625
>       *Petitioner Pro Se*
>
>   CATHERINE ANTOINE FODDAI, ASSISTANT PROSECUTOR
>   BERGEN COUNTY PROSECUTOR
>   10 Main Street
>   Hackensack, New Jersey 07601
>       *Attorneys for Respondents*

**Debevoise, Senior U.S. District Judge**

Martin Goins filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Goins challenges a judgment of conviction filed in the Superior Court of New Jersey, Bergen County, on May 5, 2006, and thereafter amended twice as to the sentence, after a jury found him guilty of two counts of first-degree carjacking, first-degree robbery, and second-degree robbery. The State filed an Answer and Goins filed a Reply. After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition and decline to issue a certificate of appealability.

# I. BACKGROUND

## A. The Crime

The convictions concern two separate incidents, each of which involved a carjacking and a robbery of a taxi driver. The Appellate Division of the Superior Court of New Jersey summarized the facts as follows:

> On two separate occasions within a three-week period in late summer, 2004, defendant called for a taxi and upon its arrival, directed the driver to take him to Genessee Avenue in Teaneck. At the destination, and while still in the taxi, defendant, in each instance, placed a sharp object against the cabdriver's throat and demanded all his money and wallet. They complied with defendant's command. In the earlier incident, after the two men exited the vehicle, defendant hit the driver, Shakeel Abassi, in the head very hard with either a "big ring on his finger or . . . a knife." During the assault, defendant took Abassi's cell phone, then drove away in the taxi. In the latter incident, defendant walked the driver, Lester Morrigia, part of the way into a wooded area, keeping the sharp object to his throat. While still in the woods, Morrigia heard the taxi pull away.
>
> Both vehicles were located, the latter only a few blocks away from the scene of the crime, and swept for prints. It was subsequently determined that the fingerprint found on the exterior driver's side window of Abassi's taxi, and the palm print found on the driver's side rear door exterior glass of Morrigia's taxi matched defendant's.

State v. Goins, 2012 WL 4511267 at *1 (N.J. Super. Ct., App. Div., Sept. 10, 2012).

## B. The State Court Proceedings

After a trial, a jury convicted Goins of two counts of first-degree carjacking, one count of first-degree robbery, and one count of second-degree robbery. The trial judge imposed an aggregate sentence of life plus 50 years in prison. Goins appealed. On May 6, 2008, the Appellate Division of the Superior Court of New Jersey affirmed the convictions and remanded for resentencing. See State v. Goins, 2008 WL 1945097 (N.J. Super. Ct., App. Div., May 6, 2008). On remand, the trial court imposed an aggregate 58-year term of imprisonment subject

2

to an 85% period of parole ineligibility under New Jersey's No Early Release Act.[1] The New Jersey Supreme Court denied certification on September 5, 2008. See State v. Goins, 196 N.J. 462 (2008) (table). Goins appealed the resentencing, and on May 1, 2009, the Appellate Division affirmed, but remanded to amend the judgment to reflect the correct degree of crime on count two (robbery), to give institutional credits for the time between the original and remand sentence dates, and to include only a single five-year period of parole supervision.[2] (ECR No. 19-9 at 33.)

Goins filed a pro se petition for post-conviction relief in the trial court on September 29, 2008. On September 8, 2010, the trial court denied post-conviction relief. Goins appealed. On September 10, 2012, the Appellate Division affirmed. See State v. Goins, 2012 WL 4511267 at *1 (N.J. Super. Ct., App. Div., Sept. 10, 2012). On May 2, 2013, the New Jersey Supreme Court denied certification. See State v. Goins, 213 N.J. 535 (2013) (table).

### C. Procedural History of § 2254 Petition

Goins signed his § 2254 Petition on June 26, 2013. The Clerk received it on July 1, 2013. The Court notified Goins of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and he asked the Court to rule on the § 2254 Petition as filed. (ECF No. 7.) The Petition raises the following grounds, which are set forth below verbatim:

> Ground One: THE ARREST WARRANTS WERE NOT VALID AS THEY WERE NEVER SIGNED BY A SITTING JUDGE.

---

[1] The amended judgment of conviction is not in the record. The Appellate Division opinion affirming the denial of Petitioner's petition for post-conviction relief states that the Law Division resentenced Goins to an aggregate 58-year term of imprisonment. See State v. Goins, 2012 WL 4511267 at *1.

[2] The record provided by Respondents does not include the second amended judgment of conviction or its date of filing.

3

Ground Two: PCR COUNSEL WAS INEFFECTIVE BY FAILING TO CHALLENGE THE SUBSEQUENT UNCONSTITUTIONAL SEARCHES FOLLOWING THE AUTOMOBILE STOP WHICH WOULD HAVE REQUIRED SUPPRESSION OF ALL EVIDENCE GAINED AS A RESULT THEREOF AND REVERSAL OF DEFENDANT'S CONVICTION.

    Part 1: THE WARRANTLESS SEARCH OF DEFENDANT'S CLOTHES DURING THE STOP WAS ILLEGAL.

    Part 2: POLICE CONDUCTED AN ILLEGAL INTERROGATION.

    Part 3: DETECTIVE LOPEZ ILLEGALLY SEIZED DEFENDANT'S HAT AND PANTS.

Ground Three: THE "TERRY" STOP WAS ILLEGAL.

(ECF No. 1 at 9, 10, 11, 12, 13.)

Respondents filed an Answer, arguing that the Fourth Amendment grounds are not cognizable, the claim concerning the ineffective assistance of post-conviction relief counsel is not cognizable, certain grounds are unexhausted and procedurally defaulted, and habeas relief is not warranted.

Goins filed a motion for a stay to exhaust constitutional claims concerning newly discovered evidence in the form of handwriting expert testimony showing that the municipal court judge's signature on the arrest warrant was forged. (ECF No. 26-1.) The Court denied the motion for a stay because Goins did not show good cause for failing to exhaust and that his unexhausted claims had some merit. (ECF No. 29.) Goins then filed a Reply in which he elaborates on his Fourth Amendment claim that the police forged the judge's signature on the warrant for his arrest. (ECF No. 30.)

## II.   STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas petition to a state prisoner.  See Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where a state court adjudicated petitioner's federal claim on the merits,[3] as in this case, a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Parker v. Matthews, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).  The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits.  See Harrington v. Richter, 131 S.Ct. 770, 785 (2011).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004).  "[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," as of the time of the relevant state-court decision.

---

[3] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." Shotts v. Wetzel, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

5

White v. Woodall, 134 S.Ct. 1697, 1702 (2014) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id., 529 U.S. at 413.

Where a petitioner seeks habeas relief, pursuant to § 2254(d)(2), on the basis of an erroneous factual determination of the state court, two provisions of the AEDPA necessarily apply. First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005). Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### III. DISCUSSION

A. **Fourth Amendment - Forged Signature on Arrest Warrant (Ground One)**

Goins claims in Ground One that his arrest violated the Fourth Amendment because the arrest warrant was not signed by a judge. As factual support, he asserts that he argued on post-conviction relief that "not only were the signatures not Judge Preziosi's but even if arguendo, they were, Judge Preziosi did not have jurisdiction to sign them." (ECF No. 1 at 9.) In his Reply,

Goins alleges that "Teaneck police officers took it upon themselves to forge the Honorable Judge Joseph S. Preziosi['s] signature, [to] issue an arrest warrant for petitioner[,] and [to] execute said arrest warrant."  (ECF No. 30 at 4.)  He further asserts that he obtained a report of a handwriting expert "that confirms the signature on the arrest warrant was forged" and he attached this report to his Reply.  Id. at 6.  The government concedes that Goins exhausted this ground on post-conviction relief and argues that the Fourth Amendment claim is not cognizable in a habeas proceeding because the New Jersey courts afforded him a full and fair opportunity to litigate his Fourth Amendment claims.  (ECF No. 19 at 9-11.)

> In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court held that
>
> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.  In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force.

Stone v. Powell, 428 U.S. at 494-95 (footnotes omitted); see also Marshall v. Hendricks, 307 F. 3d 36, 82 (3d Cir. 2002) ("An erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [Stone] bar") (citations omitted).

In this case, Goins had a full and fair opportunity to present his Fourth Amendment claims to the New Jersey courts.  Goins "is at most alleging that the Fourth Amendment claims were decided incorrectly or incompletely by the New Jersey courts, allegations which are insufficient to surmount the Stone bar."  Marshall, 307 F. 3d at 82.  Because he had a full and fair opportunity to litigate his Fourth Amendment arrest claim and "[a]n erroneous . . . resolution by a state court of a Fourth Amendment claim does not overcome the [Stone] bar," id., Stone v. Powell forecloses

7

federal court consideration of his Fourth Amendment arrest challenge in this § 2254 proceeding. See Gilmore v. Marks, 799 F.2d 51 (3d Cir. 1986); Hubbard v. Jeffes, 653 F.2d 99, 103 (3d Cir. 1981).

**B.     Ineffective Assistance of Post-Conviction Relief Counsel (Ground Two)**

Goins claims that "PCR counsel was ineffective" by failing to challenge (1) the warrantless search of his clothing, (2) the legality of the interrogation, and (3) the illegal seizure of his hat and pants.[4] (ECF No. 1 at 10-13.) As factual support, he asserts that Detective Lopez illegally pulled his vest or jacket down in order to see the logo on the back of his shirt, that the police continued to interrogate him without "re-Mirandizing" him when he "got up out of his chair and refused a request for voluntary finger-prints," id. at 11, and that Detective Lopez illegally seized a duffle bag which contained the pants and hat he wore during the first carjacking. Respondents argue that Ground Two is not cognizable under § 2254.

---

[4] This Court emphasizes that Goins does not claim in Ground Two that trial counsel and counsel on direct appeal were ineffective for failing to raise these challenges. See Kimmelman v. Morrison, 477 U.S. 365 (1986) (holding that Stone v. Powell does not bar a Sixth Amendment claim that counsel rendered constitutionally deficient performance by failing to litigate a Fourth Amendment claim). Rather, he expressly contends that post-conviction relief counsel was constitutionally deficient for failing to raise or properly litigate the three specified claims during the post-conviction relief proceeding. This Court does not have the power to transform Petitioner's Ground Two from a challenge to the effectiveness of post-conviction relief counsel into a challenge to the effectiveness of trial counsel and counsel on direct appeal. See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

8

The AEDPA provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief [under § 2254(a)]." 28 U.S.C. § 2254(i). "[M]ost naturally read, § 2254(i) prohibits a court from granting substantive habeas relief on the basis of a lawyer's ineffectiveness in post-conviction proceedings." Martel v. Clair, 132 S. Ct. 1276, 1287 n.3 (2012). Thus, because Petitioner's arguments in Ground Two are grounded in the ineffectiveness of his counsel during post-conviction proceedings, his request for habeas relief on Ground Two is not cognizable as a matter of law. See 28 U.S.C. § 2254(i); see also Stevens v. Epps, 618 F.3d 489, 502 (6th Cir. 2010) ("Ineffectiveness of post-conviction counsel cannot be the grounds for federal habeas relief"); Post v. Bradshaw, 422 F.3d 419, 423 (6th Cir. 2005) (petitioner's motion for relief from judgment based on post-conviction counsel's failure to pursue discovery was not permitted under § 2254(i) because it was grounded in claim of ineffective representation during the federal post-conviction review).

**C.     Fourth Amendment - Terry Stop (Ground Three)**

Goins claims in Ground Three that the stop of the car driven by Deborah Owens, in which Goins was a passenger, was illegal. As factual support, he asserts that "Ms. Owens arranged to have [Goins] in her car in order for police to detain him and conduct a search and subsequent seizure." (ECF No. 1 at 14.) Respondent argues that this claim raises a Fourth Amendment issue that is foreclosed on habeas by Stone v. Powell.

"[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person [within the meaning of the Fourth Amendment]." Terry v. Ohio, 392 U.S. 1, 16 (1968). In Terry, the Supreme Court held that a "stop" and brief detention of a person for investigative purposes does not violate the Fourth Amendment if the officer has a reasonable

9

suspicion supported by articulable facts that criminal activity "may be afoot." Id. at 30. Since a challenge under Terry v. Ohio is a challenge under the Fourth Amendment and Goins had a full and fair opportunity to present his Fourth Amendment claims to the New Jersey courts, the Terry claim is not cognizable under Stone v. Powell. See Cardwell v. Taylor, 461 U.S. 571, 572 (1983 (per curiam) (holding that Stone v. Powell barred habeas claim that statements made to police were the product of an illegal arrest); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42 (3d Cir. 1984) (holding that Stone v. Powell bars habeas claim that confession and other evidence admitted at trial should have been suppressed as the fruit of petitioner's illegal arrest).

D.     **Certificate of Appealability**

Goins has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(A). *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.   CONCLUSION

This Court dismisses the Petition with prejudice and denies a certificate of appealability.


    s/Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated:   March 20, 2015

10